# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

JAMES M. DURST,                           )
        Plaintiff                      )
        v.                             )   Case No.: 11-cv-1195
                                       )
NCO FINANCIAL SYSTEMS, INC.,              )   **COMPLAINT AND DEMAND FOR**
                                       )   **JURY TRIAL**
        Defendant                      )
                                       )   **(Unlawful Debt Collection Practices)**

## COMPLAINT

JAMES M. DURST ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business and has its principal office in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.  Plaintiff is a natural person residing in Pennsauken, New Jersey.

7.  Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. §1692K(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec 22, 2000).

8.  Defendant is a debt collection company with its corporate headquarters located at 507 Prudential Road in Horsham, Pennsylvania, 19044.

9.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11.  The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

- 2 -

12.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

PLAINTIFF'S COMPLAINT

## FACTUAL ALLEGATIONS

15. Defendant and others it retained constantly and continuously placed harassing and abusive collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt of another person.

16. Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions, which were primarily for personal, family, or household purposes.

17. Defendant and others it retained placed calls to Plaintiff's home telephone.

18. Defendant contacted Plaintiff on his home/work telephone on numerous occasions in the months leading up to October 2010.

19. Defendant identified the debtor as "Mark Kordes" and the creditor as Capital One.

20. Plaintiff spoke with Defendant and others it retained on numerous occasions to advise that "Mark Kordes" did not live with him, that Defendant had the wrong telephone number, and not to contact him anymore.

21. Despite Plaintiff's instructions not to contact him, Defendant and others it retained still continued to contact Plaintiff in its attempts to collect a debt.

22. On October 1, 2010, at approximately 2:25 p.m., Plaintiff received a hang-up call from Defendant.

23. On October 1, 2010, at 6:58 p.m., Defendant, through "Claire Kimura" telephoned Plaintiff in search of "Mark Kordes".

24. Plaintiff asked "Claire Kimura" to stop calling him in regards to "Mark Kordes" and to remove Plaintiff's telephone number from Defendant's database.

25. "Claire Kimura" informed Plaintiff that Defendant would remove Plaintiff's

- 4 -

telephone number from its database within twenty-four (24) hours.

26.     On October 21, 2010, Plaintiff received a hang-up telephone call from number (609) 373-1904. Plaintiff conducted a reverse telephone search and found the number belonged to Defendant.  Counsel has confirmed that the number belongs to Defendant.

27.     Plaintiff returned the telephone call and Defendant's representative claimed that Defendant had not made any such telephone call to Plaintiff.

28.     Defendant's representative went on to further state that no one associated with Defendant had telephoned Plaintiff.

29.     When Plaintiff told Defendant's representative that Defendant had in fact called him since Defendant's number had appeared on his caller identification, Defendant's representative claimed that Plaintiff's telephone number belonged to "Mark Kordes" and that Defendant was looking for "Mark Kordes" when it called.

30.     On October 28, 2010, Plaintiff received yet another hang-up telephone call from Defendant.

31.     The repetitive calls to Plaintiff were disturbing, harassing, an invasion of privacy, and caused Plaintiff to interrupt his work to deal with the matter since he works from home.

32.     Defendant failed to investigate or verify contact information prior to and after calling Plaintiff.

33.     Defendant failed to update its records to avoid further harassment of Plaintiff and misrepresented the October 21, 2010 call it placed to him after being instructed not to call.

- 5 -

## CONSTRUCTION OF APPLICABLE LAW

34. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

35. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

36. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection

- 6 -

practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

37.   In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a.   Defendant violated of the FDCPA generally;

    b.   Defendant violated § 1692b(2) of the FDCPA by informing Plaintiff that Mark Kordes owed a debt;

    c.   Defendant violated § 1692b(3) of the FDCPA by calling Plaintiff more than once in connection for the collection of a debt for another individual;

    d.   Defendant violated § 1692c(b) of the FDCPA by communicating with Plaintiff about a debt allegedly owed by Mark Kordes;

    e.   Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    f.   Defendant violated § 1692d(5) of the FDCPA, when it caused Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

    g.   Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

    h.   Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

38.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff, JAMES M. DURST, respectfully prays for a judgment as follows:

    a.   Declaratory judgment that Defendant's conduct violated the FDCPA.

    b.   All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    c.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    d.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    e.   Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JAMES M. DURST, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 2-21-11                    KIMMEL & SILVERMAN, P.C.

By:_____
    Craig Thor Kimmel
    Attorney ID # 57100
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: kimmel@creditlaw.com

- 8 -

PLAINTIFF'S COMPLAINT